# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECKA L. MUCHICKA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE HARTFORD LIFE AND ACCIDENT ) <br> INSURANCE COMPANY, ) <br> Defendant. ) | Civil Action No. 15-434 <br><br> Magistrate Judge Robert C. Mitchell |

## MEMORANDUM OPINION[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the Court is Defendant The Hartford Life and Accident Insurance Company's ("Hartford" or "Defendant") motion to dismiss [ECF No. 9] Plaintiff Rebecka L. Muchicka's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's motion is denied.

## II. BACKGROUND

Plaintiff has brought the present claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, ("ERISA") for Hartford's failure to pay long-term disability benefits that Plaintiff alleges are owed to her by Hartford.

Plaintiff was employed by West Penn Allegheny Health System, Inc. ("West Penn") as a vascular technician starting in June 2008. West Penn provided an employer-sponsored welfare benefit plan for its employees through Hartford.

On or about January 15, 2009, Plaintiff was forced to pull her car over while she was

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

driving to work because she felt dizzy. She was admitted to the West Penn Hospital emergency room that day and complained of dizziness, vomiting, muscle and joint pain. Over the next few months, Plaintiff was treated for extreme pain in her joints of her hands, feet, ankles, knee and shoulders. She also suffered from tremors throughout her body mostly while walking. Over the course of these months she was seen by numerous physicians including a neurologist, endocrinologist, neurosurgeon and a vascular surgeon. The pathology was noted to include severe peripheral neuropathy, adrenal dysfunction, and chronic pain syndrome characterized by multifocal joint pain.

Plaintiff began receiving short-term disability benefits from through the Hartford benefits plan for a period of 26 weeks through July 15, 2009. Once Plaintiff exhausted her short term disability benefits, she applied for, and began receiving long-term disability benefits under the Hartford plan beginning July 15, 2009. On or about February 1, 2011, Hartford sent Plaintiff a notice regarding her continued eligibility for long-term disability benefits. Hartford informed Plaintiff that she would have to meet a different definition of "disability" in order to retain her long-term disability benefits and that Hartford initiated an investigation and requested that Plaintiff submit additional information regarding her disability to which Plaintiff complied. After Hartford completed reviewing Plaintiff's claim, on or about October 18, 2011, Plaintiff received notice from Hartford that her long-term disability claims would be terminated. Hartford based its decision, in part, on the change in its policy definition of "disability" as of July 15, 2011, which required the claimant to be disabled from any occupation in order to continue receiving long-term disability benefits. Plaintiff appealed this decision and Hartford upheld its original determination terminating Plaintiff's long-term disability benefits. This action ensued.

Hartford moves to dismiss Plaintiff's complaint and argues that the statute of limitations
2

challenging Hartford's denial of benefits has run. Plaintiff responds that her claim is timely. The motion to dismiss involves two discrete policy provisions. The policy first provides a three year statute of limitations for any legal action taken against Hartford:

> **Legal Actions:** *When can legal action be taken against Us?*
> Legal action cannot be taken against Us:
> 1) Sooner than 60 days after the date proof of loss is given; or
> 2) more than three years after the date Proof of Loss is required to be given according to the terms of The Policy.

West Penn Allegheny Health System Core/Buy-up Long-term Disability Plan [ECF No. 1-2] at 19. Second, the policy provides when the proof of loss is required to be submitted to Hartford:

> **Sending Proof of Loss:** *When must Proof of Loss be given?*
> Written Proof of Loss must be sent to Us within ninety (90) days after the start of the period for which We are liable for payment. If Proof is not given by the time it is due, it will not affect the claim if:
> 1) it was not possible to give proof within the required time; and
> 2) proof is given as soon as possible; but
> 3) not later than one year after it is due, unless You are not legally competent.

*Id*. at 17.

For the reasons that follow, Hartford's motion to dismiss Plaintiff's complaint is denied as Plaintiff timely filed this action in accordance with the policy provisions.

### III. STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or

3

inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Accordingly, the Court may take

into consideration the West Penn Allegheny Health System Long-term Disability Plan and Proof of Loss letter attached to the complaint without converting Defendants' motion into one for summary judgment, as the authenticity of those documents are undisputed and based on Plaintiff's claims.

## IV. DISCUSSION

Hartford argues that Plaintiff's suit is untimely because under the policy terms, Plaintiff has three years after the date of the proof of loss was required to be submitted to Hartford to bring suit and the proof of loss is required to be submitted within 90 days after a denial of benefits. Hartford argues that because Plaintiff's benefits were denied on October 18, 2011, the policy required that written proof of loss be sent within 90 days – or January 16, 2012 – and that same date triggers the statute of limitations such that Plaintiff had until January 16, 2015 to initiate this action. Hartford argues that because Plaintiff did not initiate this action until March 27, 2015, her claim is untimely.

Plaintiff does not dispute that her benefits were denied on October 18, 2011, but responds that her claim is timely according to the "equitable" provision of the policy that provides that if it is not possible for a claimant to provide proof of loss within 90 days of being denied benefits, she must do so no later than one year after the denial of benefits.

The Court agrees with Plaintiff's interpretation of the policy. Primarily, Hartford spends a great portion of its brief explaining that its contractual three year statute of limitations has been found to be reasonable by a plethora of courts, including the Supreme Court. The reasonableness of imposing a three year statute of limitation in a long-term disability benefits policy is not the issue at hand. Rather, the issue is whether Plaintiff filed this suit within three years of the time the proof of loss was required to be submitted to Hartford.

5

The policy imposes a three year statute of limitations which begins "after the date Proof of Loss is required to be given according to the terms of the Policy." West Penn Allegheny Health System Core/Buy-up Long-term Disability Plan [ECF No. 1-2] at 19. According to the terms of the policy, proof of loss is due either (1) 90 days after the denial of benefits, or (2) if this is not possible, no later than one year after the denial of benefits.

Plaintiff's situation falls within the latter "equitable" provision of the policy. Plaintiff's proof of loss was sent via her attorney on April 13, 2012 – before a year has passed from her denial of benefits. Hartford does not argue that it did not receive or belatedly received the proof of loss. Rather, its argument that Plaintiff only had 90 days to submit a proof of loss entirely ignores the second provision and to agree with Hartford's interpretation would render this provision meaningless. Further, the policy does not require that Plaintiff provide notice of its intent to provide a proof of loss after the 90 days period, or receive permission to submit a proof of loss after 90 days.

Here, it is reasonable that it was not possible for Plaintiff to submit her proof of loss within the 90 days due to the deteriorated state of her health and inability to provide medical records within 90 days, and she was therefore entitled to submit the proof of loss, as soon as possible, within one year of her denial of benefits. She complied. Therefore, the statute of limitations for Plaintiff to bring legal action against Hartford for denial of benefits is April 13, 2015. Plaintiff brought her claim on March 27, 2015. Because any ambiguity of the terms of an ERISA related insurance plan are required to be construed in the insured's favor, *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011), this Court finds that Plaintiff timely initiated the instant action. Accordingly, Hartford's motion to dismiss is denied.

## V. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss [ECF No. 9] pursuant to Rule 12(b)(6) is denied. An appropriate Order follows.


Dated: July 9, 2015

By the Court,

s/ ROBERT C. MITCHELL
ROBERT C. MITCHELL
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECKA L. MUCHICKA,<br>   Plaintiff,<br><br>v.<br><br>THE HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br>   Defendant. | Civil Action No. 15-434<br><br>Magistrate Judge Robert C. Mitchell |

## ORDER

AND NOW, this 9th day of July, 2015, after consideration of Defendant The Hartford Life and Accident Insurance Company's motion to dismiss [ECF No. 9], it is HEREBY ORDERED that said motion is denied. Hartford shall file its Answer on or before July 30, 2015.

IT IS FURTHER ORDERED that an Initial Case Management Conference is scheduled for August 18, 2015 at 9:30 a.m. in Suite 9240, 9th Floor, United States Courthouse. Pursuant to Federal Rule of Civil Procedure 26(f), the parties are to meet at least fourteen days prior to the scheduled conference date for the purposes of planning discovery and the filing of their written discovery plan, which must be filed with the Court no later than seven days prior to the conference, on **August 11, 2015**. In addition, pursuant to Local Rule 16.2, by that same date, on **August 11, 2015**, the parties shall file the Stipulation Selecting ADR Process, which is available on the Court's Web site www.pawd.uscourts.gov under ADR - Alternate Dispute Resolution, ADR Program Information, ADR Stipulation Forms.

              s/ ROBERT C. MITCHELL
              ROBERT C. MITCHELL
              United States Magistrate Judge

cc: *Counsel for Plaintiff*
Joseph R. Bock
100 VIP Drive
Suite 210
Wexford, PA 15090

*Counsel for Defendant*
Brian P. Downey
Pepper, Hamilton & Scheetz
200 One Keystone Plaza
P.O. Box 1181
Harrisburg, PA 17108-1181